# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| JOHN. MCKINNEY AND SHEILA A. MCKINNEY, *Plaintiffs*, v. WILLIAM H. BOLTON, *Defendant*. | CASE NO. 3:10-mc-00003 <br><br> MEMORANDUM OPINION <br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant's motion for leave to file an interlocutory appeal from an order of the United States Bankruptcy Court for the Western District of Virginia (docket no. 1). Because no exceptional circumstances justify an interlocutory appeal, the motion is denied.

**I. Background**

The Defendant William H. Bolton ("Defendant") filed a voluntary petition under Chapter 7 of the U.S. Bankruptcy Code. *See In re: William H. Bolton*, 6:09-bk-62242, (Bankr. W.D.Va. July 15, 2009). Plaintiff John McKinney is a judgment creditor and a plaintiff in numerous pending civil cases against Defendant in Rockingham County Circuit Court. John and Sheila McKinney ("Plaintiffs") filed a complaint in the Bankruptcy Court objecting to the discharge of their claims against Defendant on three grounds: 1) that Defendant obtained money or property from Plaintiffs by false pretenses or fraud; 2) that Defendant transferred, removed, or concealed property with the intent to hinder, delay or defraud his creditors; and 3) that Defendant knowingly made a false oath or claim in connection with his bankruptcy petition. Defendant

moved to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Bankruptcy Rule 7012(b), arguing that Plaintiffs had failed to state a claim upon which relief may be granted and that Plaintiffs had failed to plead fraud with particularity as required by Fed. R. Civ. P. 9(b) and Bankruptcy Rule 7009. The Bankruptcy Court denied Defendant's motion to dismiss. Pursuant to 28 U.S.C. § 158(a)(3), Defendant now asks this Court for leave to file an interlocutory appeal of the Bankruptcy Court's denial of the motion to dismiss.

## II. Standard of Review

28 U.S.C. § 158(a)(3) provides no direct guidance concerning when leave to appeal an interlocutory order should be granted. However, Section 158(c) provides that bankruptcy appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). Accordingly, courts apply a similar analysis to that employed by district courts in certifying interlocutory review by the circuit courts of appeals under 28 U.S.C. § 1292(b). *See KPMG Peat Marwick, L.L.P. v. Estate of Nelco, LTD., Inc.*, 250 B.R. 74 (E.D.Va. 2000); *Atlantic Textile Group, Inc. v. Neal*, 191 B.R. 652 (E.D.Va. 1996); *In re Swann Ltd. P'ship*, 128 B.R. 138 (D.Md. 1991). To show that an interlocutory appeal is warranted under Section 1292(b), the appellant must demonstrate "that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978) (internal quotation omitted). Because interlocutory appeals should be granted only in limited circumstances, the requirements for granting an interlocutory appeal "are to be strictly construed and applied." *Howes v. W.R. Peele, Sr. Trust*, 889 F.Supp. 849, 852 (E.D.N.C. 1995) (citing *Myles v. Laffitte*, 881 F.2d 125 (4th Cir. 1989)).

Under Section 1292(b), leave to file an interlocutory appeal should be granted only when (1) the order involves a controlling question of law, (2) as to which there is a substantial ground for a difference of opinion, and (3) immediate appeal would materially advance the termination of the litigation. *Atlantic Textile*, 191 B.R. at 653. All three requirements must be satisfied in order to grant leave to appeal an interlocutory order. *Id.*

### III. Discussion

The Fourth Circuit has defined a controlling question of law to be one that presents a "narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." *Fannin v. CSX Transp., Inc.*, No. 88-8120, 1989 WL 42583 at *5 (4th Cir. Apr. 26, 1989). Defendant has not identified a controlling question of law for this Court's review. Defendant disputes the Bankruptcy Court's application of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), as well as Federal Rule of Civil Procedure 9(b). However, even if this Court were to grant Defendant's motion for leave to appeal and then conclude that the Bankruptcy Court erred, such a conclusion would not necessarily be "completely dispositive of the litigation." Indeed, even if I concluded that the complaint was deficient, the Bankruptcy Court could grant Plaintiffs leave to amend.[*] Misapplication of the pleading standards under *Twombly*, *Iqbal*, and Fed. R. Civ. P. 9(b) is not itself a "controlling question of law." *In re Norvergence, Inc.*, No. 08-1882, 2008 WL 5136842, at *3 (D.N.J. Dec. 5, 2008) (concluding that where a Defendant seeks interlocutory review of a bankruptcy court's denial of a motion to dismiss under *Twombly* and Rule 9(b), a controlling question of law is not presented). Accordingly, I conclude that Defendant has failed to demonstrate that his appeal presents a controlling question of law.

---

[*] At the Bankruptcy Court's hearing on the motion to dismiss, Plaintiffs requested that the Court grant them leave to amend should the Court conclude that dismissal of their original complaint was proper.

3

## IV. Conclusion

The Defendant's motion for leave to file an interlocutory appeal (docket no. 1) is denied. Because I conclude that oral argument on the motion is unnecessary, Defendant's motion for a hearing (docket no. 3) is also denied. The Clerk of the Court is hereby directed to send a certified copy of this Memorandum Opinion and accompanying Order to all counsel of record.

ENTERED: This  6th  Day of April, 2010.

```
_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE
```